Day, J.
The plaintiff in error was indicted and tried, in the ¡court of common pleas of Brown county, for murder. He was convicted of murder in the second degree, and sentenced ;tto •■confinement in the penitentiary during life. To reverse this judgment and sentence, a writ of error is prosecuted in this court.
Many of the errors assigned upon the original transtript of the record, are disposed of by a more perfect transcript since filed by leave of the court.
It is insisted, however, that two errors are apparent upon the amended record :
1. That the accused was never arraigned upon the indictment.
2. 'That the court erred in the charge to the jury, and in overruling a motion for a new trial based upon such erroneous charge.
It appears from the record, that, on the 10th day of March, 1864, the plaintiff in error was indicted; on the next day a copy of the *314 indictment was furnished to him; and, on the 20th day of March, 1865, the following entry was made, viz :
“ This day came the parties into open court; the State of Ohio by E. C. Devon, Esq., prosecuting attorney, and the defendant in his own proper person, and by his attorney; and said defendant personally waived arraignment, and himself entered his plea of not guilty on the indictment presented against him as follows, to wit: ‘Arraignment waived, and plea of not guilty entered, March 17, 1865. Wm. S. Goodin.’ ”
Thereupon, the prisioner was tried by a jury upon said issue and convicted. No objection was made, or exception taken, to the arraignment in the court below.
It is claimed that an arraignment of the accused is one of the-steps in the prosecution essential to legal conviction; that it can not be waived by him; and that the record fails to show such arraignment in this cáse, but does show that it was waived.
It is well settled that whatever is prescribed by the constitution and laws of the state to be done in prosecutions for crimes, is essential to the jurisdiction and power of the court to convict, and can neither be omitted nor waived. Doyle v. State, 17 Ohio, 225 ; Williams and Haynes v. State, 12 Ohio St. 622.
It is not, however, pretended that the constitution or statutes of *tke state expressly require the arraignment of the accused, or that there was any neglect to comply fully with all that is thereby expressly required. The constitution provides that the “ accused shall be allowed to appear and defend in person and with counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof” (art. 1, sec. 10) ; and the statute requires that he “ shall be furnished with a copy of the indictment at least, twelve hours before trial.” S. & C. Stat. 1182, sec. 26.
There is, then, much force in the argument, that, though a formal arraignment may be proper, it is not essential to the power of the court to convict, when not demanded, but is expressly waived by the accused; especially since there is no longer the same reasons for the formalities of an arriagnment that there was in the ancient practice, when legal proceedings were conducted in the Latin language, and the accused could not appear with counsel, and, after plea of not guilty, was, moreover, required to elect whether he would be tried by jury, ordeal, or wager of battle.
Although our statute does not expressly require an arraignment *315 of the accused, still it is recognized as an existing practice, by providing what, in certain cases, shall be done after the accused “ hath been indicted and arraigned.” S. & C. Stat. 1181, sec. 21; Id. 1183, sec. 31.
It is, however, not necessary to decide in this case, whether or not the accused may waive arraignment; for, although the record shows that he did make such waiver, nevertheless the court hold that it also shows he was, in substance and in fact, arraigned.
An arraignment, as technically defined, “ consists of three parts: the calling the prisoner to hold up his hand, the reading over the indictment to him in English, and the asking him whether he is guilty or not guilty.” Ros. Crim. Ev. 224; 2 Hale, 219.
The first part seems to have been regarded material only for the purpose of identifying the person; and, according to Blaekstone, “ any other acknowledgment will answer the purpose as well.” 4 Bla. 323. The appearance of the prisoner in open court, waiving arraignment, and personally entering *his plea of not guilty on the indictment, was, surely, a sufficient acknowledgment of his identity.
The object and purpose of the second requisite of an arraignment—the reading the indictment to the prisoner—is to inform him of the matters charged against him. More than a year previous to his arraignment, the prisoner had been officially furnished with a copy of the indictment. This afforded him an ample opportunity to be informed of its contents; and his personal entry and signing his plea of not guilty on the indictment, with a waiver of arraignment, or reading to him in court, before he was called upon to answer, as shown by the date of his entry on the indictment, together with his reaffirming the same when called to answer in court was an acknowledgment that he was fully advised of its contents. It would have been, then, an idle ceremony to read to him a paper with the contents of which he was already familiar. The prisoner stood in court better informed of the nature and character of the charges preferred in the indictment than he could have been by any hasty reading thereof in court, under the embarrassments incident to that situation. The object and purpose of reading the indictment was attained, and nothing could have been added by reading it to the prisoner.
As to the third point in an arraignment, it is sufficient to say, that although the question whether he was guilty or not guilty, was *316 .not orally asked the prisoner, nevertheless it was implied and un .•derstood by him, and answered in his plea of not guilty.
Blackstone says that, “ To arraign is nothing else but to call the. prisoner to the bar of the court, to answer the matter charged upon him in the indictment.” 4 Bla. Com. 322. All the formalities thereof are for the attainment of this object.
The prisoner, in this case, was brought into court and unmistakably identified; he stood there officially informed of and fully •understood the charges preferred against him in the indictment; and he voluntarily pleaded thereto. Upon the authority last cited an arraignment was then fully accomplished. If anything was wanting it was so formal ^merely, and without substance, that, not being required by statute, it could not affect the jurisdiction of the court nor invalidate the conviction of the .prisoner.
As to the error grounded on the charge of the court, it is only necessary to say that no bill of exceptions was taken, nor is there .any other authentication of the charge than what is shown by the statements of the prisoner in his motion for a new trial.
According to the holding of this court upon a similar state of case in the early part of the present term, this authentication of the- charge of the court to.the jury is too vague and uncertain to authorize a review thereof by this court.

Judgment affirmed.

Scott, C. J., and White,Welch, and Brinkerhoee, JJ., concurred.